## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## ROANOKE  DIVISION

| | | |
|---|---|---|
| **MELVIN PRYOR,** | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | Case No. 7:22CV00193 |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| **J. C. STREEVAL,** | ) | Judge James P. Jones |
| | ) | |
| Respondent. | ) | |

In this Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241, Petitioner Melvin Pryor challenges his confinement under his current conviction and sentence, based on the savings clause contained in 28 U.S.C. § 2255(e).  Respondent has filed a Motion to Stay, ECF No. 5, pending the decision by the Supreme Court on a pertinent legal question.  After review of the record, I conclude that the motion should be granted.

On May 16, 2022, the Supreme Court granted certiorari review in *Jones v. Hendrix,* No. 21-857.  The question presented is whether federal inmates who did not — because established circuit precedent stood firmly against them — challenge their convictions on the ground that the statute of conviction did not criminalize their activity, may later apply for relief under § 2241 when the Supreme Court makes clear in a retroactively applicable decision that the circuit precedent was wrong and

that they are legally innocent of the crime of conviction.  The Fourth Circuit has found jurisdiction under the savings clause to address such challenges in § 2241 petitions, as explained in *In re Jones*, 226 F.3d 328 (4th Cir. 2000) (convictions), and *United States v. Wheeler*, 886 F.3d 415 (4th Cir. 2018) (sentences).  Respondent asserts that since 2018, the Department of Justice has taken the position that *In re Jones* and *Wheeler* were wrongfully decided.  Courts of appeals are divided on the appropriate interpretation of the savings clause.  *See, e.g., McCarthan v. Dir. of Goodwill Indus.-Suncoast, Inc.*, 851 F.3d 1076, 1086 (11th Cir. 2017) (en banc) (holding that § 2255 remedy is "not inadequate when circuit precedent forecloses relief on a claim"); *Prost v. Anderson*, 636 F.3d 578, 584 (10th Cir. 2011) (holding that if "a petitioner's argument challenging the legality of his detention could have been tested in an initial § 2255 motion," then he "may not resort to the savings clause and § 2241").  Because of this circuit split, Respondent moves to stay this action pending the Court's decision in *Jones v. Hendrix*.

I agree that the *Jones* decision will likely be relevant to the legal analysis necessary to decide this case.  Accordingly, it is **ORDERED** that the Motion to Stay, ECF No. 5, is GRANTED  and this action is hereby STAYED.

It is further **ORDERED** that Respondent must file, within 28 days after the Supreme Court issues its decision in the *Jones v. Hendrix* case, a response to

Petitioner's claims under § 2241, and that Petitioner may file a reply within 28 days after the Respondent's response is filed.

ENTER:   June 10, 2022

/s/  JAMES P. JONES
Senior United States District Judge