CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
May 07, 2024
LAURA A. AUSTIN, CLERK
BY: /s/T. Taylor
    DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| **MELVIN PRYOR,** | ) | |
| | ) | |
| Petitioner, | ) | Case No. 7:22CV00193 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| **J. C. STREEVAL,** | ) | JUDGE JAMES P. JONES |
| | ) | |
| Respondent. | ) | |

*Melvin Pryor, Pro Se Petitioner; S. Cagel Juhan, Assistant United States Attorney,* OFFICE OF THE UNITED STATES ATTORNEY, *Charlottesville, Virginia, for Respondent.*

Melvin Pryor, a federal inmate proceeding pro se, filed this Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241.[1] Pryor contends that the court should revisit his sentence based on post-conviction court decisions reinterpreting the statute under which he was sentenced. In *Jones v. Hendrix*, 599 U.S. 465 (2023), the Supreme Court held that such post-conviction changes to statutory interpretation do not provide grounds to challenge a conviction or sentence in a § 2241 petition. Therefore, I will grant the respondent's Motion to Dismiss the § 2241 petition.

---

[1] The record indicates that when Pryor filed his § 2241 petition, he was incarcerated at the United States Penitentiary Lee County, located within this judicial district.

I.

A grand jury in the United States District Court for the Eastern District of Missouri returned an Indictment charging Pryor for being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g). Pryor entered into a Plea Agreement and was ultimately sentenced as an Armed Career Criminal to 180 months in prison pursuant to 18 U.S.C. § 924(e). Thejudgment entered on July 27, 2018. It was affirmed on appeal, and his petition seeking certiorari from the Supreme Court and his request for rehearing were denied. Pryor's later Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 was denied, and his appeal from that ruling was also unsuccessful.

Pryor filed his § 2241 petition in this court in 2022. He argued that his sentence under § 924(e) should be revisited based on an alleged change in statutory interpretation through the Supreme Court's decision in *Borden v. United States*, 593 U.S. 420 (2021). This court stayed Pryor's § 2241 case pending the Supreme Court's decision in *Hendrix*. Once the Supreme Court issued its decision, the respondent filed a Motion to Dismiss. Although the court notified Pryor of his opportunity to respond to the motion, the court has received no response from him, and the time allotted for his response has elapsed. Thus, I find the motion to be ripe for consideration.

II.

Section 2255(e), known as the saving clause, permits a defendant to file a habeas corpus petition under 28 U.S.C. § 2241 if "the remedy by motion is inadequate or ineffective to test the legality of [a prisoner's] detention." 28 U.S.C. § 2255(e). In the *Hendrix* case, the Supreme Court addressed the question of whether the "limitation on second or successive motions makes § 2255 'inadequate or ineffective' such that the prisoner may proceed" under § 2241 with a claim based on favorable, post-conviction statutory interpretation. 599 U.S. at 470. The Court held that it does not. *Id.* Specifically, the Court held that "the saving clause does not authorize . . . an end-run around" the "two — and only two — conditions in which a second or successive § 2255 may proceed" as described in § 2255(h). *Id.* at 477. Instead, the saving clause "preserves recourse to § 2241 in cases where unusual circumstances make it impossible or impracticable to seek relief in the sentencing court, as well as for challenges to detention other than collateral attacks on a sentence." *Id.* at 478. The Court expressly held that "[t]he inability of a prisoner with a statutory claim to satisfy [the] conditions [of § 2255(h)] does not mean that he can bring his claim in a habeas petition under the saving clause. It means that he cannot bring it at all. Congress has chosen finality over error correction in his case." *Id.* at 480.

The proper avenue by which to pursue Pryor's sentence challenge is a § 2255 motion, but his past attempt at relief under § 2255 was unsuccessful. The mere fact that his present statutory interpretation claims do not satisfy either of the requirements under § 2255(h) for filing a second or successive § 2255 motion does not make § 2255 inadequate or ineffective such that he may proceed with those claims under § 2241 instead. Nor does Pryor identify any "unusual circumstances" that make it "impossible or impracticable for [him] to seek relief from the sentencing court." *Id.* at 474. Consequently, I lack jurisdiction over Pryor's § 2241 petition.

### III.

For the reasons stated herein, I will grant the respondent's Motion to Dismiss and dismiss the § 2241 petition for lack of jurisdiction.

A separate Final Order will be entered herewith.

DATED: May 7, 2024

/s/  JAMES P. JONES  
Senior United States District Judge